## Joseph Kaminski, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.

### Gen. No. 17,554.

1. STREET RAILROADS—*when verdict is sustained.* In a personal injury action where plaintiff while driving a load of sand across the street car tracks is struck by a car the verdict for defendant is sustained as not being contrary to the greater weight of the evidence.

2. NEGLIGENCE—*question of fact.* In a personal injury action where plaintiff riding in a one horse wagon is struck by a street car while attempting to cross the tracks the question whether he was in the exercise of due care for his own safety at and immediately prior to the injury is properly submitted to the jury.

3. INSTRUCTIONS—*where the word "faculties" is used instead of the word "senses."* In a personal injury action an instruction which uses the word "faculties" instead of the word "senses" in directing the jury that it was the duty of plaintiff to have used his "faculties" with ordinary and reasonable diligence is not erroneous.

4. INSTRUCTIONS—*use of word "accident."* In a personal injury action where plaintiff while driving a wagon is struck by a street car, an instruction using the word "accident" to designate the collision is not improper.

Error to the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed June 30, 1913.

S. P. DOUTHART and J. F. TRISKA, for plaintiff in error; BERNHARDT FRANK, of counsel.

John E. Kehoe and Watson J. Ferry for defendant in error; LEONARD A. BUSBY, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

In an action in case instituted in the Superior Court by plaintiff in error against defendant in error to recover damages for personal injuries alleged to have

been occasioned by the negligence of defendant in error; a trial by jury resulted in a verdict finding defendant in error not guilty and a judgment against plaintiff in error in bar of his action and for costs.

The declaration alleges that on October 13, 1908, plaintiff in error was riding in a wagon being drawn by a horse, which he was then driving westward upon and along West 33rd street; that while crossing the railway of defendant in error at the intersection of said 33rd street and Wallace street, and while he was exercising due care for his own safety, defendant in error was operating one of its street cars northward upon said railway on Wallace street; that defendant in error then and there so carelessly and negligently drove, managed and propelled said street car that as a direct result thereof, said street car thereby then and there ran into and struck said wagon with great force and violence, whereby plaintiff in error was then and there thrown upon the ground and injured, etc.

A reversal of the judgment is sought upon two grounds: (1) that the verdict is against the manifest weight of the evidence, and (2) that certain instructions given to the jury at the instance of defendant in error are prejudicially erroneous.

Wallace street runs north and south and is intersected at right angles by 33rd street. At the time in question defendant in error maintained two street car tracks on Wallace street, the easterly track being used by north-bound cars and the westerly track by south-bound cars.

The evidence introduced on behalf of plaintiff in error tends to show that plaintiff in error accompanied by one, Weirioch, was riding west on 33rd street in a one horse wagon which was loaded with about a ton of sand; that when he reached Wallace street and before he attempted to cross the tracks he observed a street car at or about 34th street approaching from

the south; that as he proceeded to cross the tracks the front wheels of his wagon went into a hole ten or twelve inches in depth immediately east of the east rail of the east track; that the horse was unable to draw the wheels of the wagon out of the hole, and that while plaintiff in error was attempting to urge the horse forward the wagon was struck by the street car, and the injuries resulted; that no gong was sounded or other warning given of the approach of the car and that the car was being operated at a speed of from ten to twenty miles an hour. One of the witnesses for plaintiff in error testified that when the car was about twenty-five feet away from the wagon he heard the motorman call out.

The evidence introduced on behalf of defendant in error tends to show that as the car proceeded northward the motorman sounded the gong; that as the horse and wagon approached the crossing the horse was traveling at a slow gait; that plaintiff in error and Weirioch appeared to be engaged in earnest conversation and did not look in the direction of the approaching car or manifest any apprehension of its approach; that the speed of the car was reduced and the motorman shouted a warning to plaintiff in error; that the wagon was not stationary on the track when it was struck, but was being drawn by the horse at the same rate of speed as that at which it approached the crossing.

The respective contentions of the parties relative to their conduct upon the occasion in question and the manner in which the collision occurred are irreconcilably conflicting. The defense interposed by defendant in error is supported by the testimony of the greater number of witnesses whose apparent credibility and whose opportunity to observe the situation and conduct of the parties was fully equal to that of the witnesses who testified on behalf of plaintiff in error. Whether or not plaintiff in error was in the exercise of

due care for his own safety at and immediately prior to his injury was a question of fact which was properly submitted to the jury, and upon the record as made we should be wholly unwarranted in holding that the verdict of the jury upon that issue was contrary to the greater weight of the evidence. Indeed, we are persuaded that the verdict was justified.

The 6th, 7th, 8th, 10th, 11th and 12th instructions given at the instance of defendant in error are criticised as unduly emphasizing by repetition the rules of law relating to the duty of plaintiff in error to exercise ordinary care for his own safety. Each of the several instructions indicated deals with a different phase of the same subject and none are attacked as erroneously stating the rule announced. While in one or two particulars the phraseology employed in some of the instructions might be improved upon, they contained nothing that upon this record was calculated to mislead the jury.

The 9th instruction given at the instance of defendant in error is criticised because it employs the word "faculties" instead of the word "senses" in directing the jury that it was the duty of the plaintiff in error to have used his "faculties" with ordinary and reasonable diligence, etc. It is said that the instruction required the jury to decide a psychological question with no evidence before them. The criticism does not merit extended discussion. The use of the word "faculties" did not contemplate the necessity on the part of plaintiff in error of exercising his faculties of "music, worship, grandeur," etc., any more than the use of the word "senses" would have contemplated the necessity on his part of exercising his senses of smelling, touching and tasting, in order to constitute ordinary care for his own safety in avoiding a collision with a street car.

It is urged that the 14th instruction given at the request of defendant in error improperly character-

ized the occurrence which caused the injuries complained of as an accident, happening without the fault of anybody. It clearly appears from a reading of the entire instruction that the word "accident" was used to designate the occurrence or happening in question, the collision, and must have been so understood by the jury.

There is no substantial error in the record and the judgment is affirmed.

*Judgment affirmed.*